PETER S. DICKINSON (SBN 139495)
pdickinson@BushGottlieb.com
ERICA DEUTSCH (SBN 204427)
edeutsch@BushGottlieb.com
PAMELA CHANDRAN (SBN 250829)
pchandran@BushGottlieb.com
BUSH GOTTLIEB SINGER LÓPEZ
KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation
500 North Central Avenue, Suite 800
Glendale, California 91203-3345
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Trustees of the Screen
Actors Guild-Producers Pension Plan and
Trustees of the Screen Actors Guild-
Producers Health Plan

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2011 DEC -9  PM 1:01

FILED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| Trustees of the Screen Actors Guild-Producers Pension Plan and Trustees of the Screen Actors Guild-Producers Health Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>Vital Marketing, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. CV11 10204 GW (Ex)<br><br>**COMPLAINT TO RECOVER UNPAID CONTRIBUTIONS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 AND FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT;**<br>**[29 U.S.C. §§ 1132(e)(1) and 185(a)]** |

Plaintiffs Trustees of the Screen Actors Guild-Producers Pension Plan and

Trustees of the Screen Actors Guild-Producers Health Plan ("Plans") allege:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §1331, §502(e)(1) of the Employee Retirement Income

Security Act of 1974, as amended (hereinafter "ERISA") [29 U.S.C. §1132(e)(1)]

and § 301 of the Labor-Management Relations Act (hereinafter "LMRA") [29

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1  U.S.C. §185(a)].  This is an action by the Plans for breach of a collective bargaining

2  agreement between an employer and a labor organization representing employees in

3  an industry affecting commerce and to enforce §515 of ERISA [29 U.S.C. §1145] as

4  amended by §306(a) of the Multi-Employer Pension Plan Amendments Act of 1980

5  (hereinafter "MPPAA"), P.L. 96-364.

6       2.     Venue is based on the location of the office in which the Plans are

7  administered, which is located in the Central District of California.  As such, venue

8  is appropriate pursuant to §502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)] and under

9  §301 of the LMRA [29 U.S.C. §185(a)].

10                      **PARTIES**

11       3.     The Plans are "employee welfare benefit plans" within the meaning of

12  §3(2) of ERISA, 29 U.S.C. §1002(37)(A) in that they were created pursuant to

13  written trust declarations ("Trust Agreements") between the Screen Actors Guild

14  (hereinafter "SAG"), and motion picture, television, and commercial producer

15  employers, and are maintained for the purpose of providing their participants and

16  beneficiaries with medical, surgical and hospital benefits in the event of sickness,

17  accident, disability or death, and retirement benefits.  The Plans were created and

18  now exist pursuant to §302(c) of the LMRA.

19       4.     The Plans are "multi-employer plans" within the meaning of §3(37)(A)

20  of ERISA, 29 U.S.C. §1002(37)(A), in that more than one employer is required to

21  contribute to the Plans and the Plans are maintained pursuant to collective

22  bargaining agreements between SAG and motion picture, television, and

23  commercial producers.

24       5.     At all times material herein, SAG has been a labor organization

25  representing employees in the motion picture and television business, an industry

26  affecting commerce within the meaning of §302 of the LMRA.

27       6.     The Plans are informed and believe, and thereon allege, that at all times

28  material herein, Defendant Vital Marketing, LLC, (hereinafter "Vital") is a

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

235446.3  11630-20041

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1  Delaware limited liability company.  Vital is an "employer" within the meaning of

2  §3(5) of ERISA, 29 U.S.C. §1002(5), and §501(1) of the LMRA, 29 U.S.C. §142.

3  As such, Vital is an employer as that term is used in §301(a) of the LMRA, 29

4  U.S.C. §185(a).

5                           **FIRST CAUSE OF ACTION**

6         [Breach of Collective Bargaining Agreements and Trust Agreements]

7         7.      Plaintiffs hereby incorporate by reference all of the allegations

8  contained in Paragraphs 1 through 6, inclusive.

9         8.      Defendant is bound by the terms and conditions of a written multi-

10 employer collective bargaining agreement known as the Screen Actors Guild

11 Commercials Contract (hereinafter "Agreement").  Furthermore, Defendant agreed

12 to accept and be bound by the terms and conditions of the separate Trust

13 Agreements of the Plans.  At all times relevant herein, Defendant has been obligated

14 to the terms and provisions of the Agreement and Trust Agreements.

15        9.      Pursuant to the Agreement and Trust Agreement, Defendant is under an

16 obligation to make certain contributions to the Plans for performers based on a

17 percentage of all gross compensation paid for services covered by the Agreement at

18 the time that payment is rendered to the performer.

19        10.     At all times relevant herein, Defendant Vital produced two

20 commercials for Nintendo of America, Inc. ("Nintendo") featuring the performer

21 Beyoncé Knowles ("Knowles").  Knowles was compensated for these services,

22 which are covered under the Agreement.  The Plans conducted an audit of Vital and

23 discovered that no contributions had been made on behalf of the covered services

24 Knowles performed for Nintendo, as required by the Agreement and Trust

25 Agreements.  The Plans made a demand for payment of the delinquent contributions

26 and Vital acknowledged it owes at least $217,000.00 to the Plans in contributions.

27        11.     Despite several demands by the Plans, Vital has failed to pay the

28 delinquent amounts, as required by the Agreement and Trust Agreements.

235446.3  11630-20041

3

12.     Pursuant to the terms of the Trust Agreements, the Plans have the authority to conduct an audit of the books and records of signatory employers such as Defendant for the purpose of determining the accuracy of contributions made to the Plans including, but not limited to, payroll books and ledgers and any other books or records which the Plans deem necessary in connection with the proper administration of the Plans.  The Trust Agreements provide that, if such an audit discloses a delinquency or underpayment, the cost of the audit shall be borne by the employer who is found to be delinquent.  Moreover, if litigation is required to collect delinquent contributions, the costs of such litigation are to be borne by the employer.

13.     By the Agreement and Trust Agreements, Defendant agreed that, in the event it failed to pay contributions when due, it would be considered delinquent with the Plans and would pay the Plans liquidated damages in the amount of twenty percent (20%) of the total amount then due for contributions over sixty (60) days delinquent for each delinquency; in this case, $43,400.00 (20% x $217,000.00).

14.     By the Agreement and Trust Agreements, Defendant Vital also agreed that in the event of any delinquency, it would pay legal and audit costs in connection therewith, whether before or after litigation is commenced.  It has been necessary for the Plans to engage the law firm of Bush Gottlieb Singer López Kohanski Adelstein & Dickinson for the purpose of collecting any and all amounts due.  Pursuant to the Agreement, Trust Agreements and Title 29 U.S.C. §1132(g)(2), the Plans are entitled to their reasonable attorneys' fees and audit fees in connection herewith.  These amounts will be established by proof at trial.

15.     Pursuant to Title 29 U.S.C. §1132(g)(2), Trust Agreements and the Agreement, Defendant Vital owes the Plans interest at the rate established by federal law on all unpaid contributions from the dates the sums were originally due to the Plans to the date of judgment.  The amount of said interest will be established by proof at trial.

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

## SECOND CAUSE OF ACTION

[Claim for Damages for Violation of ERISA]

16.     Plaintiffs incorporate by reference all of the allegations contained in Paragraphs 1 through 15 above, inclusive.

17.     Pursuant to 29 U.S.C. §§1132 and 1145, the Plans are entitled to the unpaid contributions, interest thereon at the statutory rate, an additional amount equivalent to statutory interest or liquidated damages at twenty percent (20%), whichever is greater, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

18.     Defendant's failure to pay the amounts owed to the Plans was willful, wanton and malicious, and was intended to cause injury and has caused injury to the Plans.  The Plans are therefore entitled to an award of punitive damages as "other legal relief" pursuant to ERISA, 29 U.S.C. §1132(g)(2)(E).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plans pray for judgment against Defendant Vital Productions, L.L.C., a Delaware limited liability company,

    (1)     For unpaid pension and health contributions due to the Plans, plus additional amounts as proved at trial;

    (2)     For liquidated damages as proved at trial;

    (3)     For interest as proved at trial;

    (4)     For reasonable attorneys' fees and costs of this action incurred by the Plans, in an amount to be proven at trial;

    (5)     For reasonable audit fees in an amount to be proven at trial;

    / / /

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

(6)     For punitive damages in an amount to be proven at trial; and

(7)     For such additional relief as this Court deems just and proper.

DATED: December 9, 2011          PETER S. DICKINSON
                                 ERICA DEUTSCH
                                 PAMELA CHANDRAN
                                 BUSH GOTTLIEB SINGER LÓPEZ
                                 KOHANSKI ADELSTEIN & DICKINSON
                                 A Law Corporation


                                 By: _____
                                     PAMELA CHANDRAN
                                 Attorneys for Trustees of the Screen Actors
                                 Guild-Producers Pension Plan and Trustees of
                                 the Screen Actors Guild-Producers Health Plan

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

COMPLAINT TO RECOVER UNPAID CONTRIBUTIONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 10204 GW (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**ORIGINAL**

PETER S. DICKINSON (SBN 139495)
PAMELA CHANDRAN (SBN 250829)
BUSH GOTTLIEB SINGER LOPEZ KOHANSKI
ADELSTEIN & DICKINSON
500 N. Central Ave., Suite 800, Glendale, CA 91203
Tel: (818) 973-3200  Fax: (818) 973-3201

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Trustees of the Screen Actors Guild-Producers Pension
Plan and Trustees of the Screen Actors
Guild-Producers Health Plan,

PLAINTIFF(S)

v.

Vital Marketing, LLC, a Delaware Limited Liability
Company,

DEFENDANT(S).

CASE NUMBER

CV11 10204 - GW(Ex)

**SUMMONS**

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Pamela Chandran _____, whose address is Bush Gottlieb, 500 N. Central Ave., Suite 800, Glendale, CA 91203 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: December 9, 2011 _____

By: _____
                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**SUMMONS**

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Trustees of the Screen Actors Guild-Producers Pension Plan and Trustees of the Screen Actors Guild-Producers Health Plan,

**DEFENDANTS**
Vital Marketing, LLC, a Delaware Limited Liability Company,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BUSH GOTTLIEB SINGER LOPEZ KOHANSKI ADELSTEIN & DICKINSON, 500 N. Central Ave., Suite 800, Glendale, CA 91203
Telephone: (818) 973-3200 Facsimile: (818) 973-3201

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 260,400.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. Sec 1132(e)(1) and 185(a) - Complaint to recover unpaid contributions under ERISA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**   Case Number:   **CV11 10204**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  December 9, 2011

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |